UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KORDARYL CROSS,

                Petitioner,

v.

UNITED STATES OF AMERICA,

                Respondent.

Civil Case Number 16-14171
Criminal Case Number 14-20698
Honorable David M. Lawson

_____/

## **OPINION AND ORDER DENYING MOTION TO VACATE SENTENCE**

This matter is before the Court on the petitioner's motion to vacate his sentence under 28 U.S.C. § 2255. The petitioner filed his purported motion under section 2255 on November 28, 2016, and a document styled as a "supplement" to the motion on February 13, 2017. The Court has reviewed the petitioner's motion and supplement, the government's responses, and the record of proceedings, and now finds that all of the claims raised in the pleadings are without merit. The Court therefore will deny the motion.

I.

On January 29, 2015, the petitioner was charged in a single count superseding indictment with conspiracy to interfere with commerce by robbery under 18 U.S.C. § 1951(a). On June 15, 2015, pursuant to a plea agreement under Federal Rule of Criminal Procedure 11, he pleaded guilty as charged. In the Rule 11 agreement, the defendant admitted that he aided in the planning of and served as a getaway driver for a series of "smash and grab" robberies of jewelry stores carried out by Cross and several of his co-defendants in August 2014. In particular, the agreement recited that during two robberies in Annapolis, Maryland and White Plains, New York, the persons who entered the stores "smashed display cases with sledgehammers" in order to seize watches held within. Rule 11 Agrmt. [R. 82] at 2-3 (Pg ID 215-16). On November 6, 2015, the Court sentenced

the defendant to 100 months in prison.  The petitioner did not appeal his conviction or sentence.  On November 28, 2016, the petitioner's motion to vacate his sentence under section 2255 was received and docketed by the Clerk of Court.  The petitioner later filed a "supplement" to his motion, and the government filed responses to both the motion and the supplement.

The claims that the petitioner purports to raise are somewhat difficult to discern from his filings.  However, the Court understand the grounds stated as follows.  *First*, on November 28, 2016, the Clerk of Court docketed a skeletal filing that was signed by the petitioner and dated November 4, 2016.  That document was captioned as a "MOTION UNDER TITLE 28 U.S.C. § 2255," but the body of the filing appears to comprise little more than a statement of the petitioner's "intention to move on a motion under Title 28 United States Code, Section 2255."  The only hint in the filing about the grounds for any claims raised, or that would be raised, is an unelaborated assertion that "Petitioner in this matter challenges the enhancement of a weapon, §4A1.1 for Criminal History Points and Ineffective Assistance of Counsel for failure to object and file a direct appeal on the aforementioned matters." Pet. at 1 (Pg ID 839).

*Second*, on February 13, 2017, the petitioner filed a "supplement" to the motion, which is similarly undeveloped and unsupported by any factual basis or legal authority.  In that filing, the petitioner framed two substantive claims as follows.  In his "GROUND TWO," the petitioner asserts that "his conviction [sic] were misdemeanors that fall squarely within the language of United States Sentencing Guidelines Section 4B1.2(c)(1)(B)."  Supp. at 1 (Pg ID 938).  The basis of "GROUND TWO" is somewhat puzzling given the reference to section 4B1.2 of the United States Sentencing Guidelines (the Career Offender Guideline).  However, based on the petitioner's earlier reference to section 4A1.1 of the guidelines in his initial filing, the Court assumes, as did the government in its response, that the petitioner's claim in "GROUND TWO" is directed to the

scoring of his criminal history category under U.S.S.G. § 4A1.1. In "GROUND THREE," the petitioner asserts that a sentencing enhancement for use of a "dangerous weapon" was improperly applied because "there was no evidence presented by the government to obtain a proper enhancement under United States Sentencing Guideline § 2B3.1(b)(D) or (E)."

Finally, in "GROUND ONE" the petitioner pleaded an unelaborated claim "that his Fifth, Sixth and Fourteenth Amendment Rights have been violated due to his counsel's deficient performance for failing to file an appeal as requested." The description of "GROUND ONE" does not articulate any further basis for the claim, but, based on other similarly undeveloped assertions in the filings, it appears that the ineffective assistance claim is premised on an alleged failure to appeal the two substantive issues relating to the guideline calculations.

II.

As an initial matter, none of the claims raised in either the initial motion or the supplement are supported by any substantial factual basis or legal authority. Thus, neither of the filings comports with the basic requirement of Rule 2(b) of the Rules Governing Section 2255 Proceedings, which requires that a motion under section 2255 "(1) specify all the grounds for relief available to the moving party; [and] (2) *state the facts supporting each ground*." Rule 2(b) of the Rules Governing Section 2255 Proceedings; *see Johnson v. United States*, 457 F. App'x 462, 466-67 (6th Cir. 2012) ("Johnson's letter undoubtedly was not filed in the form of a § 2255 motion because it specified no grounds for relief, offered no facts to support any ground for relief, and asked only about the deadline for filing a § 2255 motion so as to 'prevent [the petitioner] from missing out on the opportunity to file.'"). The government contends that the petitioner's initial filing embodied, at most, a notice of the petitioner's intent to file a 2255 motion at some future time, and that the claims first asserted in the "supplement" that was filed well outside the applicable

one-year limitations period therefore are untimely. The government also argues that the sentencing claims are procedurally defaulted because they could have been raised on direct appeal, but it is undisputed that no appeal was taken in this case.

Nevertheless, the Court is sufficiently able to comprehend the nature of the claims described in the filings, and it therefore is not required to address issues relating to the sufficiency of the pleadings or procedural hurdles before evaluating the merits of the claims. *See Johnson v. United States*, 735 F. App'x 1007, 1010 (11th Cir. 2018) ("The government contends [that the petitioner] procedurally defaulted on his *Johnson* claim because he failed to raise it in his direct appeal. We decline to address the procedural default issue because his *Johnson* claim loses on the merits in any case."). Moreover, the Court summarily may deny a motion under section 2255 "without conducting an evidentiary hearing [where] 'the motion and the files and records of the case conclusively show that [the petitioner] is entitled to no relief.'" *Cole v. United States*, No. 17-6061, 2018 WL 4372199, at *2 (6th Cir. Mar. 30, 2018) (quoting 28 U.S.C. § 2255(b)). Having reviewed the record of the proceedings and considered each of the petitioner's claims, the Court now finds that the undisputed facts evident from the record conclusively show that the petitioner's claims all are without merit.

A federal prisoner challenging his sentence under section 2255 must show that the sentence "was imposed in violation of the Constitution or laws of the United States," the sentencing court lacked jurisdiction, the sentence exceeds the maximum penalty allowed by law, or it "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire

proceeding invalid.'" *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

## A. Criminal History Scoring

The petitioner's claim that one or more unspecified convictions improperly were scored toward his criminal history is without merit. In the presentence report, the petitioner was assessed 10 points for prior convictions as follows: (1) two points under U.S.S.G. § 4A1.1(b) for a sentence of 90 days in jail on charges of larceny and possession of marijuana from February 2008; (2) two points under section 4A1.1(b) for a sentence of 183 days in jail on a charge of attempted larceny from a person in February 2010; (3) two points under section 4A1.1(b) for a suspended sentence of 10 years, which later was reduced to 3 years and 6 days, on which the petitioner ultimately served only 344 days in the custody of the sentencing jurisdiction before he was released on parole, after a conviction for theft in the first degree in January 2010; (4) three points under section 4A1.1(a) for a sentence of two years in prison on a charge of grand larceny from September 2011; and (5) one point under section 4A1.1(c) for a sentence of 30 days in jail on charges of driving without a license and possession of marijuana from September 2014. Presentence Report ¶¶ 58-63. With the addition of two points for commission of the instant offense while under parole supervision, the petitioner had a total criminal history score of 12, which put him in Criminal History Category V. *Id.* ¶¶ 65-66.

Section 4A1.1(b) of the guidelines assigns two points "for each prior sentence of imprisonment of at least sixty days," and section 4A1.1(a) assigns three points "for each prior sentence of imprisonment exceeding one year and one month." Section 4A1.1(c) requires the addition of "1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this subsection." "The term 'prior sentence' means any sentence previously imposed upon

adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1). "The term 'sentence of imprisonment' means a sentence of incarceration and refers to the maximum sentence imposed." U.S.S.G. § 4A1.2(b)(1). "Sentences for all felony offenses are counted." U.S.S.G. § 4A1.2(c). Sentences for misdemeanor and petty offenses are counted," except that sentences for certain enumerated offenses, including "[d]riving without a license or with a revoked or suspended license" are counted only where "(A) the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days." U.S.S.G. § 4A1.2(c)(1).

The only scoring that is even arguably at issue here is for the charge of driving without a license. All of the other offenses unquestionably qualified under sections 4A1.1(a) or (b) due to the length of the custodial terms, regardless of whether the crimes were misdemeanors or felonies. The sentence for driving without a license also indisputably qualified under sections 4A1.1(c) and 4A1.2(c)(1), because the petitioner was sentenced to 30 days in jail for that charge. The petitioner has not pointed to any error in the recitation of the details of his prior convictions in the PSIR other than his vague assertion that some of the crimes were "misdemeanors," but that distinction has no impact on the assessment of the crimes that were counted under the guidelines. Thus, there was no discernible error in the assessment of the petitioner's criminal history category.

The petitioner is not entitled to relief on his second claim.

### B. Dangerous Weapon Enhancement

The offense level for the conspiracy count was adjusted upwards by a three-level enhancement for use of a dangerous weapon during the robberies, namely the sledgehammer that was used to smash display cases inside the jewelry stores that were robbed. During the sentencing hearing, the Court rejected the government's argument that a four-point enhancement should apply

under U.S.S.G. § 2B3.1(b)(2)(D), covering cases where a "dangerous weapon" is "otherwise used," and instead concluded that a three-level enhancement should be assigned under section 2B3.1(b)(2)(E), which covers circumstances where a "dangerous weapon" is "brandished" or "possessed." Sent. Tr. [R. 157] at 14 (Pg ID 800) ("I find that the enhancement under 2B3.1(b)(2) should fall under category (E) and that would cause a three-level increase.").

The petitioner has not pointed to any legal authority calling into question the propriety of the three-point enhancement, and in the cases on point federal courts readily have concluded that the use of a sledgehammer in identical circumstances constituted "possession" of a "dangerous weapon." As the Second Circuit explained, "a dangerous weapon need only be 'an instrument capable of inflicting death or serious bodily injury,' and a sledgehammer is capable of causing such harm. Accordingly, a sledgehammer is a 'dangerous weapon' under U.S.S.G. § 2B2.1(b)(4)." *United States v. Pope*, 554 F.3d 240, 245 (2d Cir. 2009). The petitioner has not pointed to any facts that call into question his express admission that the sledgehammers in question were at the very least "possessed" by his co-conspirators when they were carried into the jewelry stores and used to smash display cases in order to retrieve watches from them. *Id.* at 246 ("Pope does not deny that he possessed the sledgehammer during the burglary. The fact that he did not use the sledgehammer as a weapon is irrelevant to the issue of possession. To hold otherwise would directly contradict the plain meaning of this provision of the Guidelines, and would lead to absurd results." (citations omitted)).

The petitioner is not entitled to relief on his third claim.

### C. Ineffective Assistance

Finally, the petitioner contends that his trial counsel was ineffective by "failing to file an appeal as requested." However, the petitioner is not entitled to relief on this claim because he has

failed to submit any competent evidence or even to allege any particular facts to show that he ever directed his trial counsel to file a notice of appeal. The mere pleading of the naked conclusion that counsel was ineffective by "failing to file an appeal as requested" is not sufficient to warrant further inquiry, where no facts are alleged to show that any request was made, and there is no indication in the record that the petitioner ever expressed to his attorney his desire to file an appeal.

To succeed on an ineffective assistance of counsel claim, the petitioner "must show both deficient performance and prejudice." *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009). An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). It is well-established that a lawyer who disregards specific instructions from a defendant to file an appeal renders constitutionally ineffective assistance of counsel. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). On the other hand, counsel is not ineffective if a defendant explicitly tells his attorney not to file an appeal. *Ibid.* The question whether the defendant might have a viable appellate issue does not govern the deficient performance inquiry. And it is not dispositive on the question of prejudice, either. That is so because, in order to satisfy *Strickland*'s prejudice prong, the petitioner need only show that "but for counsel's deficient conduct, he would have appealed." *Flores-Ortega*, 528 U.S at 486; *see also Rivers v. United States*, No. 17-5678, 2017 WL 9545874, at *2 (6th Cir. Dec. 15, 2017) ("[C]ounsel's failure to pursue an appeal when requested by a defendant constitutes ineffective assistance of counsel regardless of the likelihood of success on the merits." (citing *Flores-Ortega*)).

"Rule 6(a) of the Rules Governing § 2255 Proceedings allows the district court to enable further discovery in a habeas proceeding where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is

confined illegally and is therefore entitled to relief." *Thomas v. United States*, 849 F.3d 669, 680-81 (6th Cir. 2017) (citing *Harris v. Nelson*, 394 U.S. 286, 300 (1969); *Cornell v. United States*, 472 F. App'x 352, 354 (6th Cir. 2012)). However, "[b]ald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the government to respond to discovery or to require an evidentiary hearing." *Id.* at 681 (citing *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001)). In this case, "bald assertions and conclusory allegations" are all that the petitioner has offered in the vestigial pleading of the claim that his counsel was ineffective by failing to file an appeal, since he has not submitted any affidavit in support of his motion, and in his pleadings he does not even plainly assert that he told his lawyer to file a notice of appeal.

The sparse allegations in the petitioner's "supplement" that counsel was ineffective "by failing to pursue an appeal" of the dangerous weapon enhancement could be read, perhaps, under the most generous possible construction, to comprise a claim that counsel failed to consult with the petitioner about whether to file an appeal on that issue. However, on this claim as well the petitioner has failed to advance any developed argument or to suggest any facts that could entitle him to relief, since he points to no specific facts to suggest either that he indicated any interest in filing an appeal, or that his lawyer should have deduced that a rational defendant would want to pursue an appeal. "[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Flores-Ortega*, 528 U.S. at 480. "In making this determination, courts must take into account all the information counsel knew or should have known." *Ibid.* "Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both

because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." *Ibid.* "Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights." *Ibid.* In this case, the petitioner has not alleged any facts in his motion or supplement to suggest that he ever "reasonably demonstrated to counsel that he was interested in appealing." Nor, on this record, was there any good reason for trial counsel to suspect that the petitioner rationally would want to appeal any aspect of his sentence.

The petitioner pleaded guilty under a Rule 11 agreement in which he specifically agreed to waive his right to appeal if the Court assessed only three points for the dangerous weapon enhancement under U.S.S.G. § 2B3.1(d)(2)(E). Rule 11 Agrmt. [R. 82] at 4 (Pg ID 216) ("The parties disagree on the proper scoring of the following guideline: § 2B3.1(b)(2) — the government contends that a dangerous weapon (sledgehammer) was 'otherwise used,' resulting in [a] 4-point enhancement, while the defendant claims that a dangerous weapon (sledgehammer) was merely 'brandished or possessed,' resulting in a 3-point enhancement."); *id.* at 9 (Pg ID 221) ("If the sentence imposed falls within the guideline range [110-137 months] recommended by defendant in Paragraph 2B, above, defendant waives any right to appeal his conviction."). Moreover, the defendant argued expressly for the imposition of a three-point enhancement at the sentence hearing, and he prevailed when the Court accepted his argument and assessed only three points instead of four. Sent. Tr. [R. 157] at 5-8 (Pg ID 791-94). No competent lawyer could be expected to assume that his client rationally might want to appeal a sentence where he had prevailed on the only major guideline issue that was in dispute, and where he received a sentence below the guideline range that the defendant agreed was proper in the Rule 11 agreement. The Sixth Circuit

has held on the same facts that no constitutional duty to consult about an appeal arose and no ineffective assistance resulted from the failure to consult. *Wright v. United States*, 320 F. App'x 421, 425 (6th Cir. 2009) ("First, Wright pled guilty instead of proceeding to trial. Second, Wright received the sentence he bargained for, despite his initial plea-breach argument dismissed above. Third, Wright waived all rights to appeal except 'the right to appeal the imposition of any sentence inconsistent with the provisions of this plea agreement.' Based on these factors, Wright failed to show that there was reason for his counsel to think that Wright would have wanted to appeal or that a rational defendant would want to appeal." (citation omitted)).

For similar reasons, any purported claim of ineffective assistance based on the failure to consult with the petitioner or to divine from him a desire to appeal the scoring of his criminal history category also is a non-starter, since the criminal history scoring claim plainly is without merit, and defense counsel cannot be faulted for presuming that his client would have no interest in filing a frivolous appeal. *Hopkins v. United States*, No. 17-1599, 2017 WL 9477084, at *2 (6th Cir. Nov. 27, 2017) ("[A] rational defendant would not have wanted to appeal the enhancement because the appeal would have been frivolous for the reasons discussed above.").

Finally, for the same reasons discussed above with respect to the petitioner's failure-to-file ineffective assistance claim, he also is not entitled to an evidentiary hearing on his failure-to-consult claims, since there are no facts even alluded to in the skeletal pleadings of his claims that go beyond bald assertions and conclusory allegations, which are insufficient to warrant discovery or an evidentiary hearing. *Thomas*, 849 F.3d at 681.

The petitioner is not entitled to relief on any of his ineffective assistance claims.

III.

The petitioner has failed to establish that he is in custody under a sentence that violates any federal law or constitutional provision, and his motion papers fail to set forth, or even to suggest, any specific factual basis for the vaguely pleaded claims sufficient to justify further evidentiary inquiry by the Court.

Accordingly, it is **ORDERED** that the motion to vacate sentence [R. 164] is **DENIED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Date:   September 27, 2018

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 27, 2018.

s/Susan K. Pinkowski  
SUSAN K. PINKOWSKI