UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,　　　　　　　　　　　　　Case Number 14-20698
v.　　　　　　　　　　　　　　　　　　　　Honorable David M. Lawson

KORDARYL CROSS,

       Defendant.
_____/

## ORDER DENYING WITHOUT PREJUDICE

On June 1, 2020, the defendant sent to the Court a letter requesting compassionate release, which was received and docketed by the Clerk on July 7, 2020. The defendant pleaded guilty to one count of conspiracy to commit Hobbs Act robbery, 18 U.S.C. § 1951(a), and on November 6, 2015 he was sentenced to 100 months in prison. Public records of the Bureau of Prisons indicate that he is scheduled to be released on March 24, 2022. His letter does not indicate that the defendant previously presented his request for compassionate release to the appropriate prison authorities, as he must before seeking judicial consideration of his request for release. The Court therefore finds that the motion must be denied without prejudice because the defendant has not shown that he has exhausted all available administrative remedies for seeking release from prison authorities, and controlling circuit law dictates that the failure to exhaust cannot be excused under the circumstances presented in this case. However, the denial will be without prejudice to refiling at an appropriate time when the required administrative process has been exhausted.

As a starting point, it is well settled that ordinarily a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, there are exceptions to that general rule, and one is found in the First Step Act (FSA), Pub. L. No. 115-391, which became law in December 2018. The FSA allows a court to reduce the term of imprisonment "after

considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that a reduction is consistent with applicable statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).  This so-called "compassionate release" provision allows a court to reduce a prison term "if it finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).  But that action must await a "motion of the Director of the Bureau of Prisons," or a "motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  *Ibid.*

In its recent decision in *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), the Sixth Circuit held that "[i]f the Director of the Bureau of Prisons does not move for compassionate release, a prisoner may take his claim to court . . . by moving for it on his own behalf," but "[t]o do that, he must 'fully exhaust[] all administrative rights to appeal' with the prison or wait 30 days after his first request to the prison."  *Id.* at 833-34 (quoting 18 U.S.C. § 3582(c)(1)(A)).  The court of appeals further held that the exhaustion requirement is a claim processing rule that does not implicate subject matter jurisdiction, but that it also is mandatory and not subject to waiver, forfeiture, or any pertinent equitable exception, at least where the government timely asserts an objection based on failure to exhaust.

The defendant's letter does not suggest that the defendant ever submitted a request for compassionate release to the prison warden.  Thus, the defendant was not entitled to proceed with seeking judicial review based on the expiration of the 30-day statutory waiting period after a request that has met with no action.  The FSA allows two paths to judicial review of compassionate

- 3 -

release rulings by BOP authorities, and both begin with the submission of a request to the warden. The inmate may seek judicial review if the warden denies his request and the defendant then exhausts his administrative appeals, *see* 28 CFR § 571.63; 28 CFR § 542.15, or 30 days elapses "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A)(i). But the defendant may not proceed to Court directly without first either completing the administrative appeal process or waiting at least 30 days after tendering his request for release.

The defendant has not established that he has exhausted all available administrative avenues for advancing his request for compassionate release with the prison authorities, and the available information suggests that he never submitted any request to the warden, let alone waited 30 days after a request was submitted. The request before the Court therefore must be denied. However, the denial will be without prejudice to renewal at an appropriate time following either full exhaustion of all available administrative process for appealing a denial or the lapse of 30 days from the date of submission to prison authorities of a request for release.

Accordingly, it is **ORDERED** that the defendant's request for compassionate release (ECF No. 226) is **DENIED** without prejudice.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:  July 9, 2020